UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORTENSE WHITE, | 1:12-CV-01488 AWI GSA HC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION |
| ESOLA C., | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On August 29, 2012, Petitioner filed a federal petition for writ of habeas corpus in this Court. This petition has been assigned case number "1:12-CV-01416 SKO HC," and is currently pending the filing of an amended petition. The petition challenges Petitioner's 2010 conviction in Madera County Superior Court for attempted battery.

On September 6, 2012, Petitioner filed a subsequent federal petition for writ of habeas corpus in this Court. This petition has been assigned case number "1:12-CV-01488 AWI GSA HC." This petition also challenges Petitioner's 2010 conviction in Madera County Superior Court for attempted battery.

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed

action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams, 487 F.3d at 688 (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc)).

In assessing whether a second action is duplicative of the first, the court examines whether the causes of action and relief sought, as well as the parties or privies to the action, are the same. Adams, 487 F.3d at 689. First, the court must examine whether the causes of action in the two suits are identical pursuant to the transaction test, developed in the context of claim preclusion. Id. Second, the court determines whether the defendants are the same or in privity. Privity includes an array of relationships which fit under the title of "virtual representation." Kourtis v. Cameron, 419 F.3d 989, 996 (9th Cir. 2005). "The necessary elements of virtual representation are an identity of interests and adequate representation." Adams, 487 F.3d at 691 (citing Kourtis, 419 F.3d at 996). "Additional features of a virtual representation relationship include a close relationship, substantial participation, and tactical maneuvering." Adams, 487 F.3d at 691 (quoting Kourtis, 419 F.3d at 996).

A plaintiff is required to bring at one time all of the claims against a party or privies relating to the same transaction or event. Adams, 487 F.3d at 693. The court has discretion to dismiss a duplicative complaint with prejudice to prevent a plaintiff from "fragmenting a single cause of action and litigating piecemeal the issues which could have been resolved in one action." Adams, 487 F.3d at 694 (quoting Flynn v. State Bd. of Chiropractic Exam'rs, 418 F.2d 668, 668 (9th Cir.1969) (per curiam)).

Because the instant petition challenges the same conviction as the petition currently pending in case number "1:12-CV-01416 SKO HC," the instant petition must be dismissed as duplicative. To the extent Petitioner seeks to pursue her remedies with respect to the underlying conviction, she must do so in the original case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be

1  DISMISSED as duplicative.

2       This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United
3  States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of
4  the Local Rules of Practice for the United States District Court, Eastern District of California.
5  Within fourteen (14) days after date of service of this Findings and Recommendation, Petitioner may
6  file written objections with the Court.  Such a document should be captioned "Objections to
7  Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate
8  Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file
9  objections within the specified time may waive the right to appeal the District Court's order.
10  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12       IT IS SO ORDERED.

13       Dated:   October 2, 2012                    /s/ Gary S. Austin
                                                UNITED STATES MAGISTRATE JUDGE